**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT
NEW HAVEN DIVISION**

| | |
|---|---|
| LUIS DANIEL ANDINO SALGADO, | **Case No.: 3:25-cv-1406 (KAD) (MEG)** |
| Plaintiff, | |
| v. | |
| EXPERIAN INFORMATION SOLUTIONS, INC., EQUIFAX INFORMATION SERVICES, LLC, and TRANS UNION LLC, | **JUDGE KARI A. DOOLEY** |
| Defendants. | |

**EXPERIAN INFORMATION SOLUTIONS, INC.'S ANSWER TO PLAINTIFF'S
COMPLAINT AND AFFIRMATIVE DEFENSES**

Defendant Experian Information Solutions, Inc. ("Experian"), by and through its undersigned counsel, answers Plaintiff Luis Daniel Andino Salgado's Complaint (the "Complaint") as follows:

Experian denies, generally and specifically, any and all allegations in the Complaint not specifically admitted in the paragraphs below. Experian further states that its investigation of the present matter is ongoing. Accordingly, Experian reserves the right to amend this Answer. Experian further states that it lacks knowledge or information sufficient to form a belief about the truth or falsity of any and all allegations that relate to the actions of third parties and therefore denies the same.

In response to the numbered paragraphs in the Complaint, Experian states as follows:

## INTRODUCTION

1.      In response to Paragraph 1, Experian admits that Plaintiff purports to bring an action pursuant to the Fair Credit Reporting Act ("FCRA"), but Experian denies that it violated the law and further denies that Plaintiff is entitled to relief from Experian.

## JURISDICTION AND VENUE

2.      In response to Paragraph 2, Experian admits that Plaintiff has alleged jurisdiction based on 28 U.S.C. § 1331 and the FCRA, 15 U.S.C. § 1681p.  Experian states that this is a legal conclusion which is not subject to denial or admission.

3.      In response to Paragraph 2, Experian admits that Plaintiff has alleged that venue is proper pursuant to 28 U.S.C. § 1391(b)(2).  Experian states that this is a legal conclusion which is not subject to denial or admission.

## PARTIES

4.      In response to Paragraph 4, Experian admits, upon information and belief, that Plaintiff is a natural person residing in Ansonia, Connecticut and is a "consumer" as defined by 15 U.S.C. § 1681a(c).  Except as specifically admitted, Experian does not have knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and, on that basis, denies them.

5.      In response to Paragraph 5, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, which pertain to other defendants and, on that basis, denies them.

6.      In response to Paragraph 6, Experian admits that it is a corporation with a principal place of business in Costa Mesas, California. Experian further admits that it maintains a registered agent in the State of California, and that Experian is a "consumer reporting agency" as defined in

15 U.S.C. § 1681a(f). Except as expressly admitted, Experian denies, generally and specifically, each and every remaining allegation contained in this paragraph.

7.      In response to Paragraph 7, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, which pertain to other defendants and, on that basis, denies them.

## FACTUAL ALLEGATIONS

### Plaintiff Discovers the Identity Theft

8.      In response to Paragraph 8, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, on that basis, denies them.

9.      In response to Paragraph 9, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, on that basis, denies them.

10.      In response to Paragraph 10, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, on that basis, denies them.

11.      In response to Paragraph 11, Experian denies any wrongdoing and otherwise is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, on that basis, denies them.

12.      In response to Paragraph 12, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph which pertain to other defendants and, on that basis, denies them

13.      In response to Paragraph 13, Experian denies, generally and specifically, the allegations therein.

14.     In response to Paragraph 14, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph which pertain to other defendants and, on that basis, denies them.

15.     In response to Paragraph 15, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, denies them.

16.     In response to Paragraph 16, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, which pertain to other defendants and, on that basis, denies them.

17.     In response to Paragraph 17, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, on that basis, denies them.

18.     In response to Paragraph 18, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, on that basis, denies them.

19.     In response to Paragraph 19, Experian admits that someone purporting to be Plaintiff filed an Identity Theft Report with the Federal Trade Commission ("FTC ID Theft Report"), on or about February 21, 2025. Experian states that the FTC ID Theft Report speaks for itself. Except as expressly admitted Experian denies, generally and specifically, each and every remaining allegation of Paragraph 19.

**Plaintiff's Dispute to Defendants in February 2025**

20.     In response to Paragraph 20, Experian admits that it received correspondence from an individual purporting to be Plaintiff on or around March 6, 2025. Experian states that the

correspondence speaks for itself. Experian further states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, which pertain to other defendants, and on that basis, denies them. Except as expressly admitted Experian denies, generally and specifically, each and every remaining allegation of Paragraph 20.

21.     In response to Paragraph 21, Experian admits that it received correspondence from an individual purporting to be Plaintiff on or around March 6, 2025. Experian states that the correspondence speaks for itself. Except as expressly admitted Experian denies, generally and specifically, each and every remaining allegation of Paragraph 21.

22.     In response to Paragraph 22, Experian admits that it received correspondence from an individual purporting to be Plaintiff on or around March 6, 2025. Experian states that the correspondence speaks for itself. Except as expressly admitted Experian denies, generally and specifically, each and every remaining allegation of Paragraph 22.

23.     In response to Paragraph 23, Experian admits that it received correspondence from an individual purporting to be Plaintiff on or around March 6, 2025. Experian states that the correspondence speaks for itself. Except as expressly admitted Experian denies, generally and specifically, each and every remaining allegation of Paragraph 23.

24.     In response to Paragraph 24, Experian admits that it received correspondence from an individual purporting to be Plaintiff on or around March 6, 2025. Experian states that the correspondence speaks for itself. Except as expressly admitted Experian denies, generally and specifically, each and every remaining allegation of Paragraph 24.

**Equifax's Unreasonable Dispute Reinvestigation**

25.     In response to Paragraph 25, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph which pertain to other defendants and, on that basis, denies them.

26.     In response to Paragraph 26, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph which pertain to other defendants and, on that basis, denies them.

27.     In response to Paragraph 27, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph which pertain to other defendants and, on that basis, denies them.

28.     In response to Paragraph 28, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph which pertain to other defendants and, on that basis, denies them.

29.     In response to Paragraph 29, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph which pertain to other defendants and, on that basis, denies them.

30.     In response to Paragraph 30, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph which pertain to other defendants and, on that basis, denies them.

31.     In response to Paragraph 31, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph which pertain to other defendants and, on that basis, denies them.

32.     In response to Paragraph 32, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph which pertain to other defendants and, on that basis, denies them.

33.     In response to Paragraph 33, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph which pertain to other defendants and, on that basis, denies them.

34.     In response to Paragraph 34, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph which pertain to other defendants and, on that basis, denies them.

**TU's Refuses to Investigate**

35.     In response to Paragraph 35, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph which pertain to other defendants and, on that basis, denies them.

36.     In response to Paragraph 36, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph which pertain to other defendants and, on that basis, denies them.

37.     In response to Paragraph 37, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph which pertain to other defendants and, on that basis, denies them.

38.     In response to Paragraph 38, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph which pertain to other defendants and, on that basis, denies them.

39.     In response to Paragraph 39, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph which pertain to other defendants and, on that basis, denies them.

40.    In response to Paragraph 40, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph which pertain to other defendants and, on that basis, denies them.

41.    In response to Paragraph 41, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph which pertain to other defendants and, on that basis, denies them.

## Experian Refuses to Investigate

42.    In response to Paragraph 42, Experian admits that on or about March 12, 2025, it sent Plaintiff a letter. Experian states that the letter speaks for itself. Except as expressly admitted, Experian denies, generally and specifically, each and every remaining allegation contained in this paragraph.

43.    In response to Paragraph 43, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, denies them.

44.    In response to Paragraph 44, Experian denies, generally and specifically, the allegations therein.

45.    In response to Paragraph 45, Experian denies, generally and specifically, the allegations therein.

46.    In response to Paragraph 46, Experian denies, generally and specifically, the allegations therein.

47.    In response to Paragraph 47, Experian denies, generally and specifically, the allegations therein.

48.    In response to Paragraph 48, Experian denies, generally and specifically, the allegations therein.

**Plaintiff's Damages**

49.    In response to Paragraph 49, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, denies them.

50.    In response to Paragraph 50, Experian admits that someone purporting to be Plaintiff filed an Identity Theft Report with the Federal Trade Commission ("FTC ID Theft Report"), on or about February 21, 2025. Experian states that the FTC ID Theft Report speaks for itself. Except as expressly admitted Experian denies, generally and specifically, each and every remaining allegation of Paragraph 50.

51.    In response to Paragraph 51, Experian admits that it received correspondence from an individual purporting to be Plaintiff on or around March 6, 2025. Experian states that the correspondence speaks for itself. Except as expressly admitted Experian denies, generally and specifically, each and every remaining allegation of Paragraph 51.

52.    In response to Paragraph 52, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, denies them.

53.    In response to Paragraph 53, Experian denies any wrongdoing, and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph, and on that basis, denies them.

54.    In response to Paragraph 54, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph which pertain to other defendants and, on that basis, denies them.

55.     In response to Paragraph 55, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph which pertain to other defendants and, on that basis, denies them.

56.     In response to Paragraph 56, Experian admits that the Complaint purports to quote, characterize, and/or summarize a portion of a case. Experian states that the case speaks for itself, and Experian denies Paragraph 56 to the extent it is inconsistent with the FCRA.

57.     In response to Paragraph 57, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph which pertain to other defendants and, on that basis, denies them.

58.     In response to Paragraph 58, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph which pertain to other defendants and, on that basis, denies them.

59.     In response to Paragraph 59, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph which pertain to other defendants and, on that basis, denies them.

60.     In response to Paragraph 60, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph which pertain to other defendants and, on that basis, denies them.

61.    In response to Paragraph 61, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph which pertain to other defendants and, on that basis, denies them.

62.    In response to Paragraph 62, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph which pertain to other defendants and, on that basis, denies them.

63.    In response to Paragraph 63, Experian denies any wrongdoing, and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph, and on that basis, denies them.

64.    In response to Paragraph 64, Experian denies any wrongdoing, and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph, and on that basis, denies them.

65.    In response to Paragraph 65, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph which pertain to other defendants and, on that basis, denies them.

## COUNT I
## 15 U.S.C. § 1681e(b)
## Failure to Follow Reasonable Procedures to Assure Maximum Possible Accuracy
## (Against All Defendants)

66.    In response to Paragraph 66, Experian repeats, realleges, and incorporates by reference its responses to the above paragraphs as if the same were fully set forth herein.

67.     In response to Paragraph 67, Experian admits that the Complaint purports to quote, characterize, and/or summarize a portion of the FCRA. Experian states that the FCRA is a statute that speaks for itself, and Experian denies Paragraph 67 to the extent it is inconsistent with the FCRA.

68.     In response to Paragraph 68, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph which pertain to other defendants and, on that basis, denies them.

69.     In response to Paragraph 69, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph which pertain to other defendants and, on that basis, denies them.

70.     In response to Paragraph 70, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph which pertain to other defendants and, on that basis, denies them.

71.     In response to Paragraph 71, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph which pertain to other defendants and, on that basis, denies them.

72.     In response to Paragraph 72, Experian lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph, and on that basis, denies them.

73.     In response to Paragraph 73, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph which pertain to other defendants and, on that basis, denies them.

74.     In response to Paragraph 74, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph which pertain to other defendants and, on that basis, denies them.

75.     In response to Paragraph 75, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph which pertain to other defendants and, on that basis, denies them.

76.     In response to Paragraph 76, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph which pertain to other defendants and, on that basis, denies them.

77.     In response to Paragraph 77, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph which pertain to other defendants and, on that basis, denies them.

## COUNT II
## 15 U.S.C. § 1681i
## Failure to Perform a Reasonable Reinvestigation
## (Against All Defendants)

78.     In response to Paragraph 78, Experian repeats, realleges, and incorporates by reference its responses to the above paragraphs as if the same were fully set forth herein.

79.     In response to Paragraph 79, Experian admits that the Complaint purports to quote, characterize, and/or summarize a portion of the FCRA. Experian states that the FCRA is a statute that speaks for itself, and Experian denies Paragraph 79 to the extent it is inconsistent with the FCRA.

80.     In response to Paragraph 80, Experian admits that the Complaint purports to quote, characterize, and/or summarize a portion of the FCRA. Experian states that the FCRA is a statute that speaks for itself, and Experian denies Paragraph 80 to the extent it is inconsistent with the FCRA.

81.     In response to Paragraph 81, Experian admits that the Complaint purports to quote, characterize, and/or summarize a portion of the FCRA. Experian states that the FCRA is a statute that speaks for itself, and Experian denies Paragraph 81 to the extent it is inconsistent with the FCRA.

82.     In response to Paragraph 82, Experian admits that it received correspondence from an individual purporting to be Plaintiff on or around March 6, 2025. Experian states that the correspondence speaks for itself. Experian further states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, which pertain to other defendants, and on that basis, denies them. Except as expressly admitted Experian denies, generally and specifically, each and every remaining allegation of Paragraph 82.

83.     In response to Paragraph 83, Experian admits that it received correspondence from an individual purporting to be Plaintiff on or around March 6, 2025. Experian states that the correspondence speaks for itself. Experian further states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, which pertain to other defendants, and on that basis, denies them. Except as expressly admitted Experian denies, generally and specifically, each and every remaining allegation of Paragraph 83.

84.     In response to Paragraph 84, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, which pertain to other defendants and, on that basis, denies them.

85.     In response to Paragraph 85, Experian denies, generally and specifically, the allegations therein.

86.     In response to Paragraph 86, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, which pertain to other defendants and, on that basis, denies them.

87.     In response to Paragraph 87, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph which pertain to other defendants and, on that basis, denies them.

88.     In response to Paragraph 88, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph which pertain to other defendants and, on that basis, denies them.

89. In response to Paragraph 89, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and, on that basis, denies them.

90. In response to Paragraph 90, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph which pertain to other defendants and, on that basis, denies them.

91. In response to Paragraph 91, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph which pertain to other defendants and, on that basis, denies them.

92. In response to Paragraph 92, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph which pertain to other defendants and, on that basis, denies them.

93. In response to Paragraph 93, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph which pertain to other defendants and, on that basis, denies them.

94. In response to Paragraph 94, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph which pertain to other defendants and, on that basis, denies them.

## COUNT III
## 15 U.S.C. 1681c-2
## Failure to Block Identity Theft Information
## (Against All Defendants)

95.    In response to Paragraph 95, Experian repeats, realleges, and incorporates by reference its responses to the above paragraphs as if the same were fully set forth herein.

96.    In response to Paragraph 96, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph which pertain to other defendants and, on that basis, denies them.

97.    In response to Paragraph 97, Experian denies any wrongdoing, and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph, and on that basis, denies them.

98.    In response to Paragraph 98, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph which pertain to other defendants and, on that basis, denies them.

99.    In response to Paragraph 99, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph which pertain to other defendants and, on that basis, denies them.

100.    In response to Paragraph 100, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and, on that basis, denies them.

101.    In response to Paragraph 101, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph which pertain to other defendants and, on that basis, denies them.

102.    In response to Paragraph 102, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph which pertain to other defendants and, on that basis, denies them.

103.    In response to Paragraph 103, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph which pertain to other defendants and, on that basis, denies them.

104.    In response to Paragraph 104, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph which pertain to other defendants and, on that basis, denies them.

105.    In response to Paragraph 105, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph which pertain to other defendants and, on that basis, denies them.

## PRAYER FOR RELIEF

In response to the paragraph titled "PRAYER FOR RELIEF," Experian denies that it has violated the FCRA and denies that Plaintiff is entitled to any relief from Experian. Experian further

denies, generally and specifically, each and every allegation contained in Plaintiff's "PRAYER FOR RELIEF" that relates to Experian.

## JURY DEMAND

Experian admits that Plaintiff has demanded a trial by jury on all issues so triable by right, and Experian objects to the extent that any of the issues demanded are not so triable.

## DENIAL OF ANY REMAINING ALLEGATIONS

Except as expressly admitted therein, Experian denies any remaining allegations contained in the Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

In further response to Plaintiff's Complaint, Experian hereby asserts the following affirmative defenses, without conceding that it bears the burden of persuasion as to any of them.

### FIRST AFFIRMATIVE DEFENSE
**(Failure to State a Claim)**

The Complaint herein, and each cause of action thereof, fails to set forth facts sufficient to state a claim upon which relief may be granted against Experian and further fails to state facts sufficient to entitle Plaintiff to the relief sought, or to any other relief whatsoever from Experian.

### SECOND DEFENSE
**(Plaintiff's Claims Are Subject to an Arbitration Agreement)**

Experian alleges on information and belief that Plaintiff's claims are subject to an arbitration agreement between Plaintiff and Experian. Experian specifically reserves and does not waive the right to compel arbitration of any claims asserted by Plaintiff.

### THIRD DEFENSE
**(Laches)**

The Complaint and each claim for relief therein are barred by laches.

## FOURTH DEFENSE
### (Intervening Superseding Cause)

Experian is informed and believes and thereon alleges that if Plaintiff sustained any of the injuries alleged in the Complaint, there was an intervening, superseding cause and/or causes leading to such alleged injuries and, as such, any action on the part of Experian was not a proximate cause of the alleged injuries.

## FIFTH DEFENSE
### (Contributory/Comparative Fault)

Experian is informed and believes and thereon alleges that any alleged damages sustained by Plaintiff were, at least in part, caused by the actions of Plaintiff himself and/or third parties and resulted from Plaintiff's or third parties' own negligence which equaled or exceeded any alleged negligence or wrongdoing by Experian.

## SIXTH DEFENSE
### (Failure to Mitigate Damages)

Plaintiff's claims fail to the extent that they are barred, in whole or in part, because Plaintiff has failed to mitigate his damages.

## SEVENTH DEFENSE
### (Improper Request for Punitive Damages)

Plaintiff's Complaint does not allege facts sufficient to rise to the level of conduct required to recover punitive damages, and thus all requests for punitive damages are improper.

## EIGHTH DEFENSE
### (Estoppel)

Any damages which Plaintiff may have suffered, which Experian continues to deny, were the direct and proximate result of the conduct of Plaintiff. Therefore, Plaintiff is estopped and barred from recovery of any damages.

## NINTH DEFENSE
### (Unclean Hands)

The Complaint and each claim for relief therein that seeks equitable relief are barred by the doctrine of unclean hands.

## TENTH DEFENSE
### (Reasonable Procedures and Compliance with Legal Requirements)

Experian maintains and follows extensive policies and procedures to ensure the maximum possible accuracy of consumer credit files, reports, and disclosures. Included in these policies and procedures are mechanisms to ensure that Experian reports accurate information and conducts reasonable reinvestigations within the meaning of the FCRA. Experian has at all times complied with all applicable statutory, regulatory, and common law requirements, and accordingly, Plaintiff's claims are barred by Experian's compliance with all applicable State, Federal, and local laws and regulations.

## ELEVENTH DEFENSE
### (Truth/Accuracy of Information)

Plaintiff's claims against Experian are barred because all information Experian communicated to any third person regarding Plaintiff was true.

## TWELFTH DEFENSE
### (Statute of Limitations)

Experian is informed and believes and thereon alleges that all claims for relief in the Complaint herein are barred by the applicable statutes of limitation, including but not limited to 15 U.S.C. § 1681p.

## RESERVATION OF RIGHTS

Experian hereby reserves the right to amend its Answer and Defenses, and reserves all defenses set out in Rule 8(c) of the Federal Rules of Civil Procedure, the Fair Credit Reporting

Act, and any other defenses that may now exist or in the future be available based on discovery or

further factual investigation in this case.

## PRAYER FOR RELIEF

**WHEREFORE**, Experian prays as follows:

1.      That Plaintiff take nothing by virtue of the Complaint herein and that this action be dismissed in its entirety;

2.      For costs of suit and attorneys' fees herein incurred; and

3.      For such other and further relief as the Court may deem just and proper.

Dated:  December 16, 2025

Respectfully submitted,

s/ Eric J. Herst (ct31399)
Eric J. Herst
CARMODY TORRANCE SANDAK & HENNESSY LLP
50 Leavenworth Street
Waterbury, CT 06702
Telephone:  (203) 573-1200
Facsimile:  (203) 575-2600
eherst@carmodylaw.com

*Counsel for Defendant*
*Experian Information Solutions, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on December 16, 2025, a copy of the foregoing was filed electronically with the Clerk of the Court and served upon all counsel of record via the Court's CM/ECF system.

Dated: December 16, 2025

*s/ Eric J. Herst* (ct31399)
Eric J. Herst