**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT
NEW HAVEN DIVISION**

| | |
|---|---|
| LUIS DANIEL ANDINO SALGADO, | **Case No.: 3:25-cv-1406 (KAD) (MEG)** |
| Plaintiff, | |
| v. | **26(f) REPORT OF PARTIES' PLANNING MEETING** |
| EXPERIAN INFORMATION SOLUTIONS, INC., EQUIFAX INFORMATION SERVICES, LLC, and TRANS UNION LLC, | |
| Defendants. | |

| | |
|---|---|
| **Date Complaint Filed:** | <u>September 1, 2025</u> |
| **Date Complaint Served:** | Experian – <u>November 5, 2025</u> |
| | Equifax – <u>November 6, 2025</u> |
| | Trans Union – <u>November 7, 2025</u> |
| **Date of Defendants' Appearances:** | <u>November 18, 2025</u><br>*Defendant Experian Information Solutions, Inc.* |
| | <u>November 23, 2025</u><br>*Defendant Equifax Information Services, LLC* |
| | <u>November 26, 2025</u><br>*Defendant Trans Union, LLC* |

Pursuant to Fed. R. Civ. P. 16(b), Fed. R. Civ. P. 26(f), and D. Conn. L. Civ. R. 16, a 26(f) conference was held on **<u>December 8, 2025</u>**. The participants were: Yaear Weintroub (*pro hac vice forthcoming*) on behalf of Plaintiff Luis Daniel Andino Salgado ("Plaintiff"), Eric J. Rigoli on behalf of Defendant Equifax Information Services, LLC ("Equifax"), Eric J. Herst and Alexandra Boeriu (*pro hac vice application pending*) on behalf of Defendant Experian Information Solutions, Inc. ("Experian"), and Timothy J. Lee on behalf of Defendant Trans Union LLC ("Trans Union").

1

## I.    Certification

Undersigned counsel (after consultation with their clients) and any undersigned self-represented parties certify that (a) they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolutionof the case; and (b) they have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

## II.    Jurisdiction

### A.    Subject Matter Jurisdiction

This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p (allowing FCRA claims to be brought in any "court of competent jurisdiction").

Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

### B.    Personal Jurisdiction

Personal jurisdiction is not contested.

## III.    Brief Description of Case

### A.    Claims of Plaintiff/s:

This action, filed on September 1, 2025 (Docket No. 1), arises from violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*., by Defendants Equifax, Experian, and Trans Union. Plaintiff contends that Defendants violated 15 U.S.C. § 1681i and 1681c-2 by failing to conduct reasonable reinvestigations of information Plaintiff disputed and failing to block, correct, and/or delete inaccurate and fraudulent information resulting from identity theft. Plaintiff alleges that Defendants violated 15 U.S.C. § 1681s-2(b) by failing to reasonably investigate Plaintiff's disputes and review all relevant information provided, including an FTC Identity Theft

Report, credit documentation, and supporting statements regarding accounts and personal information that were not associated with Plaintiff.

Specifically, Plaintiff discovered multiple fraudulent accounts reported on his credit reports by Trans Union, Equifax, and Experian, including but not limited to accounts with AmSher Collection Services, Caine & Weiner, Capital One Bank, Jefferson Capital System, LVNV Funding LLC, Max Auto Sales Inc., and Midland Credit Management. Defendants also reported inaccurate personal information, such as addresses, phone numbers, and employment data not associated with Plaintiff, and hard credit inquiries from entities with whom Plaintiff never applied for credit.

Despite Plaintiff providing sufficient identifying information, evidence of the fraudulent accounts, and requesting that Defendants block the disputed information, Defendants refused to adequately reinvestigate or block the fraudulent accounts. Defendants' actions included denying receipt of disputes, refusing to process disputes, and merely parroting responses from the furnishers of the disputed information, in violation of the FCRA.

As a result of Defendants' conduct, Plaintiff suffered damages, including loss of ability to purchase and benefit from his good credit rating, detriment to his creditworthiness, denial of credit (e.g., denial of a Capital One credit card), reduced overall credit opportunities, expenditure of time, labor, and money disputing and attempting to correct the inaccurate reporting, and emotional distress, including mental and emotional anguish, stress, humiliation, reputational harm, fear, anxiety, and embarrassment attendant to being a victim of identity theft whose veracity was questioned and disbelieved by Defendants..

**B.    Description of the Case by Defendant/s:**

**Defendant Equifax**: Defendant Equifax Information Services LLC ("Equifax") is a

consumer reporting agency as that term is defined in the Fair Credit Reporting Act, 15 U.S.C. §1681 et seq. ("FCRA"). Equifax denies Plaintiff's claims, denies that it failed to comply with § 1681e(b), § 1681i, § 1681c-2, or any other provision of the FCRA, and denies that it is liable to Plaintiff. Equifax specifically states that it maintained reasonable procedures to assure maximum possible accuracy in its credit reports concerning Plaintiff and that it conducted reasonable reinvestigations of any disputes it received regarding Plaintiff. Accordingly, Equifax denies that Plaintiff is entitled to any of the relief sought in the Complaint. Equifax makes this statement without waiving any defense and reserves the right to supplement this statement as the facts are developed.

**Defendant Experian**: Defendant Experian Information Solutions, Inc. ("Experian") denies Plaintiff's claims, affirmatively denies that it failed to comply with § 1681e(b), § 1681i, § 1681c-2 or any other provision of the FCRA, and denies that it is liable to Plaintiff. The FCRA is not a strict liability statute and does not require Experian to maintain error free credit reporting. Rather, Experian must maintain and follow reasonable procedures to ensure the maximum possible accuracy of information it reports on consumers, and timely reinvestigate if a consumer disputes information on his or her credit report. At all relevant times, Experian followed reasonable procedures to ensure the maximum possible accuracy of the information on Plaintiff's credit reports and conducted a reasonable investigation into any of Plaintiff's disputes when required to do so. Experian further states that at all relevant times, it complied with its obligations and duties under the FCRA and reasonably relied on information provided by credible furnishers of data with respect to Plaintiff. Further, at this time, Experian's investigation of the facts of this case are ongoing and it reserves the right to amend or supplement its statement as the facts are developed in

4

discovery.

**<u>Defendant Trans Union:</u>** Defendant Trans Union, LLC ("Trans Union") denies Plaintiff's claims affirmatively denies that it failed to comply with § 1681e(b), § 1681i, § 1681c-2 or any other provision of the FCRA, and denies that it is liable to Plaintiff. The FCRA is not a strict liability statute and does not require Trans Union to maintain error free credit reporting. Rather, Trans Union must maintain and follow reasonable procedures to ensure the maximum possible accuracy of information it reports on consumers, and timely reinvestigate if a consumer disputes information on his or her credit report. At all relevant times, Trans Union followed reasonable procedures to ensure the maximum possible accuracy of the information on Plaintiff's credit reports and conducted a reasonable investigation into any of Plaintiff's disputes when required to do so. Trans Union further states that at all relevant times, it complied with its obligations and duties under the FCRA and reasonably relied on information provided by credible furnishers of data with respect to Plaintiff. Further, at this time, Trans Union's investigation of the facts of this case are ongoing and it reserves the right to amend or supplement its statement as the facts are developed in discovery.

**C.    Defenses and Claims of Third Party Defendant/s:**

None

### IV.    Statement of Undisputed Facts

Counsel and self-represented parties certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute.  The following material facts are undisputed:

Plaintiff is an individual who resides in Connecticut.

Defendants Equifax, Trans Union, and Experian each are a consumer reporting agency (CRA) within the meaning of the Fair Credit Reporting Act, §1681a(f).

## V.    Case Management Plan:

### A.    Initial Disclosures

Initial disclosures will be served by **<u>January 5, 2026.</u>**

### B.    Scheduling Conference

1.    The parties request to be excused from holding a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

2.    The parties prefer that a scheduling conference, if held, be conducted by telephone.

### C.    Early Settlement Conference

1.    The parties certify that they have considered the potential benefits of attempting to settle the case before undertaking significant discovery or motion practice. Settlement is likely to be resolved informally between the parties.

2.    The parties do not request an early settlement conference.

3.    The parties prefer a settlement conference, when such a conference is held, with the magistrate judge.

4.    The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

### D.    Joinder of Parties, Amendment of Pleadings, and Motions Addressed to the Pleadings

The parties have discussed any perceived defects in the pleadings and have reached the following agreements for the resolution of any issues related to the sufficiency of the pleadings.

6

1.      Plaintiff(s) should be allowed until **March 7, 2026,** to file motions to join additional parties and until **March 7, 2026**, to file motions to amend the pleadings. Motions filed after the foregoing dates will require, in addition to any other requirements under the applicable rules; a showing of good cause for the delay.

2.      Defendant(s) should be allowed until **March 7, 2026,** to file motions to join additional parties and until **March 7, 2026,** to file a response to the complaint, or any amended complaint. Motions filed after the foregoing dates will require, in addition to any other requirements under the applicable rules, a showing of good cause' for the delay.

**E.    Discovery**

a.      Recognizing that the precise contours of the case, including the amounts of damages at issue, if any, may not be clear at this point in the case, in making the proposals below concerning discovery, the parties have considered the scope of discovery permitted under Fed. R. Civ. P. 26(b)(1). At this time, the parties wish to apprise the Court of the following information regarding the "needs of the case":

**Plaintiff's Position**: Plaintiff anticipates the need for written discovery, third-party discovery, depositions, and expert discovery. Plaintiff reserves the right to utilize other permitted means of discovery as might be necessary.

**Defendant Equifax's Position (if different):** Equifax anticipates the need for written discovery, third party discovery, and depositions. Equifax has not yet determined whether expert discovery will be necessary. Equifax reserves the right to utilize other means of discovery as they become necessary.

**Defendant Experian's Position (if different):** Experian likewise anticipates the need

for written discovery, third-party discovery, and depositions. Experian has not yet determined whether expert discovery will be necessary.

**Defendant Trans Union's Position (if different):** Trans Union likewise anticipates the need for written discovery, third-party discovery, and depositions. Trans Union has not yet determined whether expert discovery will be necessary.

     b.    The parties anticipate that discovery will be needed on the following subjects:

**Plaintiff's anticipated discovery:**

- o    CRA Defendants' collection, verification, furnishing, and reporting of the consumer information at issue in this case in compliance with 15 U.S.C. § 1681e(b);

- o    CRA Defendants' policies and procedures utilized to conduct a reasonable investigation of the information disputed by a consumer in compliance with 15 USC § 1681i (a)(1)(A);

- o    CRA Defendants' policies and procedures utilized to promptly delete the inaccurate of information from the file of the consumer, or modify that item of information, as appropriate, based on the results of the reinvestigation in compliance with 15 USC § 1681i (a)(5)(A)(i);

- o    CRA Defendants' policies and procedures utilized to prevent the reappearance of inaccurate information, in compliance with 15 U.S.C. § 1681i (a)(5)(C);

- o    CRA Defendants' policies and procedures utilized to block, correct, and/or delete the disputed information from Plaintiff's credit file., in compliance with 15 U.S.C. § 1681c-2;

- o    CRA Defendants' maintenance, preparation, and publication of Plaintiff's

consumer reports;

- o   The actual actions taken by Defendants in response to their receipt of Plaintiff's dispute(s);

- o   Defendants' policies and procedures utilized to assure compliance with their respective duties conferred under the FCRA, as applicable;

- o   Defendants' communications with third parties concerning Plaintiff and/or Plaintiff's consumer file;

- o   Defendants' policies and procedures governing all of the foregoing; and

- o   Third party discovery necessary to establish causation and damages.

**Defendant Equifax's Position (if different):** Based on what is presently known, Equifax anticipates conducting discovery on the following: the factual bases for the allegations in the Complaint; Plaintiff's alleged damages and any connection between Plaintiff's alleged damages and any actions or inactions of Equifax; Plaintiff's credit history and consumer history; any communications between Plaintiff and any co-Defendants; and any communications between Plaintiff and any third parties regarding the matters at issue.

**Defendant Experian's Position (if different):** Based on what is presently known, Defendant Experian anticipates conducting discovery on the following: facts and circumstances surrounding each and every allegation contained in Plaintiff's Complaint; Plaintiff's alleged damages; whether any causal relationship exists between Plaintiff's alleged damages and any consumer reports issued, or any other action or inaction, by Experian; Plaintiff's financial and consumer history; any communications between Plaintiff and Experian; any communications between Plaintiff and any third parties

regarding the matters alleged in Plaintiff's Complaint; and discovery necessitated by discovery sought by Plaintiff.

**<u>Defendant Trans Union's Position (if different):</u>** Based on what is presently known, Defendant Trans Union anticipates conducting discovery on the following: facts and circumstances surrounding each and every allegation contained in Plaintiff's Complaint; Plaintiff's alleged damages; whether any causal relationship exists between Plaintiff's alleged damages and any consumer reports issued, or any other action or inaction, by Trans Union; Plaintiff's financial and consumer history; any communications between Plaintiff and Trans Union; any communications between Plaintiff and any third parties regarding the matters alleged in Plaintiff's Complaint; and discovery necessitated by discovery sought by Plaintiff.

c.    All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4) will be completed by **<u>August 5, 2026</u>**.

d.    Discovery <u>will not</u> be conducted in phases.

e.    If discovery will be conducted in phases, describe each phase and state the date by which it will be completed: N/A.

f.    The parties anticipate that the plaintiff will require a total of **<u>6</u>** depositions of fact witnesses and that the defendant(s) will require a total of <u>6</u> depositions of fact witnesses. The depositions will commence after **<u>January 26, 2026,</u>** and be completed by **<u>August 5, 2026</u>**.

g.    The parties will not request permission to serve more than 25 interrogatories per serving party.

h.    Plaintiff/s intend to call expert witnesses at trial. Defendant/s intend to call expert witnesses at trial.

i.      Parties will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) on any issues on which they bear the burden of proof by **May 5, 2026**.  Depositions of any such experts will be completed by **June 5, 2026**.

j.      Parties will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) on any issues on which they do not bear the burden of proof by **July 5, 2026**. Depositions of such experts will be completed by **August 5, 2026.**

k.      A damages analysis will be provided by any party who has a claim or counterclaim for damages by **December 22, 2025.**

l.      Undersigned counsel after consultation with their respective clients concerning computer-based and other electronic information management systems, including historical, archival, back-up and legacy files, in order to understand how information is stored and how it may be retrieved and self-represented parties have discussed the disclosure and preservation of electronically stored information, including, but not limited to, the form in which such data shall be produced, search terms and/or other techniques to be used in connection with the retrieval and production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing such information. The parties agree to the following procedures for the preservation, disclosure, and management of electronically stored information.

m.      Undersigned counsel, after consultation with their clients, and self-represented parties have also discussed the location(s), volume, organization, and costs of retrieval of information stored in paper or other non-electronic forms. The parties agree to the following

procedures for the preservation, disclosure, and management of such information.

n.    Undersigned counsel and self-represented parties have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production. The parties agree to the following procedures for asserting claims of privilege after production.

Discovery may encompass electronically stored information ("ESI"). The parties acknowledge their obligation to take reasonable and proportionate steps for preserving relevant and discoverable ESI within their possession, custody, or control. Each party shall conduct diligent searches of all reasonably accessible sources which it has reason to believe may contain ESI responsive to the opposing party's discovery requests. The parties acknowledge, further, that requests for ESI, and responses to those requests, must be reasonably targeted, clear, and as specific as practicable.  The parties have discussed the production of ESI and have not agreed on a specific limit of the scope of production.  Should any dispute concerning ESI arise during the pendency of this matter, the parties have agreed to meet and confer before seeking intervention from the Court.

The parties will produce ESI in unitized, fixed image format (e.g., .pdf or .tif) with accompanying text. Plaintiff wishes to reserve the right to redact from his ESI individually identifiable medical or health related information, the production of which may be governed or limited by federal or state statute.

The parties do not anticipate any issue regarding electronically stored information. Plaintiff and Defendants shall serve any Requests for Production pursuant to Fed. R. Civ. P. 34. Plaintiff and Defendants shall respond in good faith, producing such hard copy and electronic documents as it locates through a reasonable search.  If after a reasonable review of the production,

Plaintiff or any Defendants determine, in good faith, that additional information is needed, the parties will discuss the specific information sought and attempt to reach agreement on a search method to determine if the information sought can be located or confirmed not to exist. If the parties cannot reach an agreement, Plaintiff or any Defendants may raise the issue with the Court through a request for discovery conference, a motion to compel, or a motion for protective order.

The parties agree that if a receiving party believes that privileged or protected material may have been inadvertently disclosed or produced, said party will advise the producing party and proceed as required if such party asserts inadvertent disclosure. The parties agree that the recall, sequester, or return of any privileged or protected material is without waiver of the right to contest the claim of privilege or protection. The parties agree the mere fact of an inadvertent disclosure is not sufficient to waive any claim of privilege or protection. Before any party makes a motion to compel or challenges the claim of privilege, protection, or inadvertence of production or disclosure, the parties shall meet and confer regarding the challenge and attempt to find a way to resolve the dispute. The parties intend for their agreement to be considered an order pursuant to Federal Rule of Evidence 502(d). The parties agree that the standard Federal Rule of Evidence 502(b) applies to resolve any dispute about the inadvertence of a production or disclosure.

The parties anticipate that there will be a need for some discovery in this case to be governed by a protective order. The parties shall confer and then submit a jointly proposed protective order to the Court. The jointly proposed protective order shall include, in the first paragraph, a concise but sufficiently specific recitation of the particular facts in this case that would provide the court with an adequate basis upon which to make the required finding of good cause pursuant to Fed. R. Civ. P. 26(c). If the parties disagree concerning the scope or form of a protective order, the party or parties seeking such an order shall file an appropriate motion and

supporting memorandum.

      o.     Electronic service:

The parties agree that pursuant to Rules 5(b)(2)(E) and 6(d) of the Federal Rules of Civil Procedure any pleadings or other papers may be served by sending such documents by email to the email address(es) listed below (or any updated email address provided to all counsel of record). The format to be used for attachments to any email message shall be Microsoft Word (.doc) or Adobe Acrobat (.pdf). If an error or delayed delivery message is received by the sending party, that party shall promptly (within one business day of receipt of such message) notify the intended recipient of the message and serve the pleading or other papers by other authorized means.

| **Party** | **Email Service Address(es)** |
|---|---|
| Plaintiff Luis Daniel Andino Salgado | Yaear Weintroub (Pro Hac Vice) (ekataev@consumerattorneys.com) Emanuel Kataev (ekataev@consumerattorneys.com) Irina Iakovleva (iiakovleva@consumerattorneys.com) Amelia Ducat (aducat@consumerattorneys.com) |
| Defendant Equifax Information Services, LLC | Eric J. Rigoli (erigoli@rc.com) (dmcgrath@rc.com) (rbangham@rc.com) |
| Defendant Experian Information Solutions, Inc. | Alexandra Boeriu (pro hac vice application pending) (aboeriu@jonesday.com) Eric J. Herst (eherst@carmodylaw.com) |
| Defendant Trans Union LLC | Timothy J. Lee (tlee@fillaw.com) (ccassaro@fillaw.com) |

    **F.    Other Scheduling Issues**

The parties propose the following schedule for addressing other issues pertinent to this case:

The parties have no other scheduling issues to address at this time.

14

### G.    Summary Judgment Motions:

Summary judgment motions, which must comply with Local Rule 56, will be filed on or before **October 1, 2026**.

### H.    Joint Trial Memorandum

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed by **January 1, 2027, if no summary judgment motion is filed, or within 45 days of the Court's ruling on any motion for summary judgment**.

## VI.    TRIAL READINESS

The case will be ready for trial by **March 1, 2027.**

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy, and inexpensive determination of this action.

Dated: December 22, 2025

*/s/ Yaear Weintroub*
Yaear Weintroub
(*Pro Hac Vice - phv209096*)
*/s/ Emanuel Kataev*
Emanuel Kataev (ct435851)
**CONSUMER ATTORNEYS, PLLC**
68-29 Main Street
Flushing NY 11367
T: (718) 412-2421 (office)
F: (718) 489-4155 (facsimile)
E: ekataev@consumerattorneys.com
E: yweintroub@consumerattorneys.com (e-mail)

*Attorneys for Plaintiff*
*Luis Daniel Andino Salgado*

*/s/ Eric J. Rigoli*
Eric J. Rigoli (ct31287)
**Robinson & Cole LLP**
One State Street
Hartford, CT 06103
Phone: 860-275-8200
Fax: 860-275-8299
E-mail: erigoli@rc.com

*Attorneys for Defendant*
*Equifax Information Services, LLC*

*/s/ Eric J. Herst*
Eric J. Herst (ct31399)
Carmody Torrance Sandak & Hennessey LLP
50 Leavenworth Street
Waterbury, CT 06702
Telephone: (203) 575-2604

*/s/ Timothy J. Lee, Esq*
Timothy J. Lee, Esq (ct15118)
Fasano, Ippolito, Lee & Florentine, LLC
107 Montowese Street
Branford, CT 06405
T: (203) 787-6555

Facsimile: (203) 575-2600             F: (203) 776-2119
Email: eherst@carmodylaw.com          E: tlee@fillaw.com

*Attorneys for Defendant*              *Lead Counsel for Defendant*
*Experian Information Solutions, Inc.* *Trans Union LLC*